IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| THOMAS H. MURRAY and HEATHER MURRAY, | ) ) ) |
| Plaintiffs, | ) No. 2:21-cv-03148-DCN |
| vs. | ) ) **ORDER** |
| PROGRESSIVE NORTHERN INSURANCE, | ) ) ) |
| Defendant. | ) ) |

The following matter is before the court on plaintiffs Thomas H. Murray and Heather Murray's ("the Murrays") motion to remand, ECF No. 8. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case arises out of an insurance coverage dispute between the Murrays and defendant Progressive Northern Insurance Co.[1] ("Progressive"). The Murrays are citizens and residents of Colleton County, South Carolina. Progressive is incorporated in Wisconsin and has its principal place of business in Ohio.

On August 3, 2021, the Murrays filed a summons and complaint in the Colleton County Court of Common Pleas, alleging (1) breach of contract and (2) bad faith refusal to pay. ECF No. 1-1, Compl. In their complaint, the Murrays seek judgment "for actual, consequential, and punitive damages, the cost of this action, attorney's fees under S.C.

---

[1] Progressive states that it was incorrectly named as "Progressive Northern Insurance" in the Murrays' complaint.

1

Code Ann. [§] 38-59-40; and for such other and further relief as the Court may deem just and proper." Id. at prayer.

On September 28, 2021, Progressive filed its notice of removal to this court. ECF No. 1. On October 27, 2021, the Murrays filed their motion to remand to state court, ECF No. 8, along with a unilateral stipulation of the amount in controversy, ECF No. 9. In the stipulation, the Murrays state that "the entire amount being sought in this lawsuit, including punitive damages, . . . does not and will not exceed the sum of $75,000.00." ECF No. 9 ¶ 2. The Murrays further stipulate that that they "agree never to amend their Complaint to seek an amount in excess of $75,000.00." Id. On November 11, 2021, Progressive filed its response to the motion. ECF No. 10. The Murrays did not file a reply, and the time to do so has now expired. As such, the motion has been fully briefed and is now ripe for review.

## II.   STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III.   DISCUSSION

The procedure for removal is governed by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Progressive timely removed this action pursuant to 28 U.S.C. § 1446(b). Progressive avers that the court has diversity jurisdiction over this action because the parties are completely diverse and because the amount in controversy—based on the face of the complaint—exceeds $75,000.

There is no dispute that the Murrays, who are citizens of South Carolina, are completely diverse from Progressive, a Wisconsin corporation with a principal place of business in Ohio. Therefore, the question of whether this action should remain in federal court turns on whether the amount in controversy exceeds $75,000. The court finds that it does not, and therefore, the court lacks jurisdiction.

Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Brown v. VSC

Fire & Sec., Inc., 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016).  The Murrays' complaint includes causes of action for breach of contract and bad faith refusal to pay. For these claims, the Murrays request actual, consequential, and punitive damages, but they do not specify an amount.  Such damages could possibly amount to more than $75,000; however, the Murrays stipulate that the total amount in controversy of their claims is no more than $75,000.

"The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount-in-controversy."  Carter v. Bridgestone Ams., Inc., 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (citing Rota v. Consolidation Coal Co., 175 F.3d 1016 (4th Cir. Apr. 5, 1999) (unpublished table opinion) (expressly declining to adopt any particular standard of proof for determining the amount in controversy)).  Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount-in-controversy has been satisfied." Id. (quoting Brooks v. GAF Materials Corp., 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)) (emphasis added).  Progressive first argues that by including claims for punitive damages, it is "virtually impossible" for the Murrays to say that that the claim is less than the jurisdictional amount.  ECF No. 10 at 4.

Here, the complaint does not state a sum for the damages that the Murrays are seeking.  Nor does the existence of a claim for punitive damages establish to a "legal certainty" or "reasonable probability" that the amount in controversy exceeds $75,000. Courts within this district have unequivocally held that "a request for punitive damages will not necessarily preclude remand for failure to establish the amount in controversy

4

required to exercise federal jurisdiction." Brown, 2016 WL 1600126, at *3; see also Cox v. Willhite Seed, Inc., 2014 WL 6816990, at *1–2 (D.S.C. Dec. 4, 2014) (remanding where the plaintiff requested "an award of actual and punitive damages, cost and attorney's fees" but stipulated he was seeking less than $75,000 in total damages); Hamilton v. Ocwen Loan Servicing, LLC, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) ("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."); Hagood v. Electrolux Home Prods., Inc., 2006 WL 1663804, at *2 (D.S.C. June 15, 2006) ("[I]t was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship."). Put another way, "[g]iven the general preference against removal . . . jurisdiction should not rest upon the metaphysical possibility of such an award of punitive damages." Spann v. Style Crest Prods., Inc., 171 F. Supp. 2d 605, 610 (D.S.C. 2001) (citation omitted). Ultimately, the court finds no reason that the punitive damages sought in this case are more certain to be awarded than those in preceding cases that found that requests for punitive damages were indeterminate.

Progressive is seemingly undeterred by the large body of caselaw weighing against its position. Instead, Progressive relies on Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp. 2d 530 (D.S.C. 1999), to argue that the court may nonetheless anticipate that punitive damages will push the amount in controversy beyond the jurisdictional minimum. There, the court found that, in its experience, "the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages, especially when

large corporations are caught defrauding their customers." Id. at 532. Accordingly, the court found that it was virtually impossible for damages sought to be less than the jurisdictional amount and denied the plaintiff's motion for remand. Id. at 532–33. However, in subsequent cases, courts within this district have distinguished Woodward. In Brown, for example, the court specifically noted that "[i]n Woodward, the court denied the motion to remand where the plaintiff expressly refused to stipulate that he would not seek damages in excess of $75,000. Such facts do not exist here." Brown, 2016 WL 1600126, at *3 (citation omitted).

The Brown court's reasoning applies with equal force here. The Murrays filed a stipulation stating that its damages sought, including punitive damages, will never exceed $75,000. ECF No. 9. Progressive argues that the Murrays may not rely on a post-removal stipulation to argue that the amount in controversy is less than $75,000. Generally, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" JTH Tax, 624 F.3d at 638 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). "Nevertheless, various jurisdictions have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." Carter, 2013 WL 3946233, at *1–2 (emphasis added); see also Clifton v. Allen, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); Brown, 2016 WL 1600126, at *3 (D.S.C. Apr. 20, 2016) (same, where the

6

plaintiff's stipulation established that he did not seek damages in excess of $75,000 and he agreed to "remitter of the verdict to the amount of $74,999.99 in the event any jury verdict is in excess of $75,000.00"); Gwyn v. Wal–Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("[W]hen facing indeterminate claims . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed [the amount in controversy]."). In other words, such a stipulation is not in the same mold as a post-removal amendment of the plaintiff's complaint. Rather, "[t]his use of clarification is permitted, rather than forbidden, under St. Paul Mercury." Stanley v. Auto-Owners Ins. Co., 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (finding that post-removal stipulation was proper and remanding to state court).

As discussed previously, the state court complaint does not specify whether the amount in controversy exceeds $75,000. Because of the ambiguity in the complaint, the stipulation is properly before the court such that the Murrays may clarify the damages they are seeking. Progressive argues that post-removal events may not destroy diversity, but in light of the court's finding that the stipulation is a source of clarification that the claim does not exceed the jurisdictional amount, Progressive has failed to otherwise provide any basis for finding that the Murrays filed the stipulation in bad faith.

Finally, Progressive argues that in the alternative, if the court were to consider the stipulation, the stipulation should not be taken at face value as it does not, in fact, clarify an ambiguous amount in controversy. Progressive attempts to distinguish Stanley—and, ostensibly, the long line of cases that have adopted a similar approach—by arguing that the amount in controversy was already defined in the pre-suit demand letter such that the Murrays' stipulation could not be considered clarifying evidence.

> The pre-suit demand letter referenced by Progressive states, in relevant part:
>
> This is the final demand for payment on this claim in the amount of $21,828.82. Mr. Murray has not had the use of this boat since April 26, 2020. When this case is presented to a jury, we intend to seek the full value of the boat and loss of use.[2]

ECF No. 10-1. Specifically, Progressive highlights that in the demand letter, the Murrays sought "the full value of the boat and loss of use." Id. Progressive argues that the parties previously agreed that the full value of the boat was $49,000. It then argues that even if punitive damages were set aside, "the addition of attorney fees, $49,000 [based on the full value of the boat], and the value of at least sixteen (16) months of loss of use of the boat clearly meets the $75,000 amount in controversy." ECF No. 10 at 6.

Progressive's appeal to the pre-suit demand letter does not alter the outcome. As a preliminary matter, "[g]enerally, attorney's fees are not included in the amount-in-controversy calculation" unless the fees are provided for by contract or if a statute mandates or allows payment of attorney's fees. Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (citation omitted). Progressive does not argue that either exception applies, and the court does not find any reason that either should. In terms of the "loss of use," Progressive itself concedes that "[t]he Plaintiffs never presented a value for the proposed loss of use of the Boat." ECF No. 10 at 6. Therefore, even if the court were to consider the pre-suit demand letter and corresponding evidence presented by Progressive, the only conclusion that may be drawn from it is that, at minimum, the

---

[2] The pre-suit demand letter is properly before the court. Since the court considered the Murrays' stipulation based on the fact that the complaint does not specify the money damages sought, it follows that the court may consider other pertinent evidence of the amount in controversy. See Gwyn, 955 F. Supp. at 46 (noting that the plaintiff's stipulation is "simply the first evidence of the value of the claim").

Murrays' claim is for <u>at least</u> $49,000.[3]  However, the damages for the remainder of the Murrays' claims, including the loss of use, are indeterminable, and the Murrays request no specific amount for those claims that takes the matter past the $75,000 threshold with legal certainty.  Compare <u>White v. Macy's Corp. Servs., Inc.</u>, 2016 WL 2993195, at *4 (N.D. W. Va. May 23, 2016) (considering a demand letter seeking $55,000 in damages as evidence that the plaintiffs "valued their case at $55,000, a presumptively optimistic amount" and granting the motion to remand), with <u>Hermanson v. Bi-Lo, LLC</u>, 2021 WL 4147113, at *3 (D.S.C. Aug. 31, 2021) (denying motion to remand based on the plaintiff's pre-suit demand letter that asked for $50,000 for settlement, medical expenses "in excess of $10,908.00," medical expenses for physical therapy, significant pain and suffering, loss of enjoyment of life, inconvenience, and mental and emotional distress, altogether which the court determined exceeded $75,000 by a legal certainty).  In other words, Progressive fails to demonstrate that the demand letter evinces other claims for repayment sufficient to surpass the $26,000 gap.  Because of these ambiguous and indeterminate claims, the court accepts the Murrays' stipulation that the amount in controversy will never exceed $75,000.

Accordingly, Progressive cannot show by a legal certainty, or even a reasonable probability, that the amount in controversy exceeds $75,000 in this action.  First, although it is not legally impossible that punitive damages could cause the amount in controversy to exceed $75,000, the likelihood of such an award is still far too uncertain.

---

[3] This is to say nothing of the fact that the Murrays sought "only" $21,828.82 in that same pre-suit demand letter.  This would mean that Progressive is arguing, without much additional support, that the Murrays are through this action seeking more than three times what they originally sought.

9

Second, the Murrays have stipulated that their damages will not exceed $75,000, and Progressive has not shown that this limitation is inaccurate or was made in bad faith. Third, although there is some evidence that the Murrays specified the damages that it would be pursuing in its lawsuit, the amount of such damages is still too tenuous to form the basis for subject matter jurisdiction in a case that has been removed.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion and **REMANDS** the case to state court.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 5, 2022**
**Charleston, South Carolina**

10